SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHINYERE UZOUKWU,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 11-cv-391 (RLW) |
| ) | |
| **METROPOLITAN WASHINGTON** ) | |
| **COUNCIL OF GOVERNMENTS, et** ) | |
| **al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION** [1]

In this employment discrimination action *pro se* plaintiff Chinyere Uzoukwu asserts disparate treatment and retaliation claims pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (*See* Compl. ¶¶ 1-2.)  She also raises potential claims under the Equal Pay Act, 29 U.S.C. § 206(d) and asserts various claims under District of Columbia law.  (*See* Compl. ¶¶ 2, 51, 52.)  Uzoukwu brings these claims against the Metropolitan Washington Council of Governments ("MWCG") and eight individual defendants, seven of whom are current and former MWCG employees.  An eighth individual defendant, Molly Keller, is associated with MHNET, a behavioral health entity that provides services to

---

[1] This is a summary opinion intended for the parties and those persons familiar with the facts and arguments set forth in the pleadings; not intended for publication in the official reporters.

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

MWCG.  MWCG is an independent nonprofit association comprised of elected officials from 21 local governments, members of the Maryland and Virginia state legislatures, and members of the U.S. Congress.  (*See* Doc. 2, MWCG Mot. to Dismiss at 2; Compl. ¶ 5.)

Presently before the court are nine motions.[2]  For the reasons set forth below, the court

---

[2]  The nine motions are as follows:

1. "Defendants' Motion to Dismiss" filed by MWCG and its seven current and former employees: Calvin L. Smith, Sr., Paul DesJardin, Dennis Bailey, Imelda Roberts, Janet Ernst, Eulali Gowers Lucas (misidentified in the complaint as "Eulalie"), and Abdul Mohammed (misidentified in the complaint as "Abdoul Mohammad"), (Doc. 2.);

2. "Plaintiffs' [sic] Motion in Opposition to Motion to Dismiss and Alternatively Request for Leave to Amend," (Docs. 3-4);

3. "Motion to Reinstate Plaintiffs' [sic] Filing to Date of Presentation of November 16, 2010," (Doc. 14);

4. "Plaintiffs' [sic] Motion for Surreply in Opposition to Defendants [sic] Reply in Support of Their Motion to Dismiss and Opposition to Plaintiff's Motion to Reinstate Filing Date and in the Alternative Plaintiffs' [sic] Resubmission of Request for Leave to Amend," (Doc. 21);

5. "Motion to Dismiss" filed by defendant Molly Keller, (Doc. 23);

6. "Defendants' Motion to Strike Plaintiff's Surreply and Amended Complaint" filed by MWCG and its current and former employees, (Doc. 24);

7. "Plaintiff's Opposition to Defendant Molly Keller's Rule 12(b)(2), 12(b)(5), and 12(b)(6) Motion to Dismiss and in the Alternative Request for Leave to Amend Complaint," (Doc. 26)

8. "Motion for Notice and Leave to Transfer (Change of Venue) Pursuant to U.S.C. 28 § 1404(a) of an Action in the Superior Court for the District of Columbia CA No. 2011-04405-B to the U.S. District Court for the District of Columbia, Pursuant to Supplemental Jurisdiction, U.S.C. 28 § 1367(a) and in the Alternative, Request for Leave to Join and/or Amend," (Doc. 30); and

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

will grant both motions to dismiss. All other motions will be denied.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The court must treat a Rule 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d).

The party seeking summary judgment bears the initial burden of demonstrating no genuine issues of material fact exist. *See* Fed. R. Civ. P. 56. When determining whether genuine issues of material fact exist, the court must draw all justifiable inferences from the evidence in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), *cited in Cruz-Packer v. Dist. of Columbia*, 539 F. Supp.2d 181, 189 (D.D.C. 2008). However the nonmovant cannot simply rest on her pleadings; rather "the nonmoving party [must] go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted).

---

9.  "Plaintiff's Motion and Memorandum in Support for Appointment of Counsel, Joinder of Additional Defendants and Request for Leave to File and Serve the Third (3rd) Amendment [sic] Complaint," (Doc. 35).

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

### III. ANALYSIS

In their Motion to Dismiss, MWCG and its seven current and former employees argue that the claims asserted against the individual defendants are not actionable and Plaintiff concedes that Defendants are correct. (*See* Doc. 3, Pl.'s Resp. to MWCG's Mot. to Dismiss at 11); *see Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) (holding that "relief granted under Title VII is against the employer, not individual employees whose actions constituted a violation of [Title VII]"), *cited in Gary v. Long,* 59 F.3d 1391, 1399 (D.C. Cir. 1995). Accordingly, Plaintiff's federal claims asserted against these seven individuals (Calvin L. Smith, Sr., Paul DesJardin, Dennis Bailey, Imelda Roberts, Janet Ernst, Eulali Gowers Lucas, and Abdul Mohammed) will be dismissed with prejudice.[3]

With respect to the timeliness of the present action, MWCG argues Plaintiff's lawsuit was untimely because she failed to file the lawsuit within ninety days after she received her right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 12117(a) (applying Title VII limitations period to ADA claims). "Because

---

[3] Although Plaintiff admitted in her response to Defendant's brief that she did not have viable claims against these seven individual defendants, (*see* Doc. 3, Pl.'s Resp. to MWCG's Mot. to Dismiss at 11), she later attempted to file a sur-reply brief and motion for leave to amend, in which she claims these defendants should not be dismissed because she may properly pursue other claims against them. (Doc. 21, Mot. to file Sur-reply at 7.) While she submitted a proposed amended complaint, certain information was redacted and she never spelled out how the proposed complaint differed from her original complaint. (*See* Doc. 21-3.) It appears that she added new state law claims against the individual defendants, but there is nothing in the complaint that establishes the court's jurisdiction over those claims.
  Later Plaintiff filed another request to amend, (Doc. 26), and included a thirty-six page proposed complaint, but again failed to indicate how those proposed amendments differ from her initial complaint in this lawsuit.

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it.  If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Bowen v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (citation omitted).

The following facts are relevant to the timeliness issue.  In connection with her employment and subsequent termination from MWCG, Plaintiff filed an EEOC charge and ultimately obtained a "right to sue" letter dated August 18, 2010, which informed Plaintiff of her obligation to bring any discrimination claims within 90 days of receipt of the letter.  (*See* Doc. 1-1, Attachment to Compl.)  Although Plaintiff has not submitted a sworn declaration to support any of her factual assertions, she claims she received the right to sue letter on August 26, 2010.  If so, she had until November 24, 2010 to file a timely law suit.

On November 16, eight days before the deadline expired, Plaintiff attempted to initiate her lawsuit in this court by filing an "Application to Proceed Without Payment of Fees and Affidavit," also known as an application to proceed *in forma pauperis* ("IFP").  (*See* Doc. 1, *Uzoukwu v. Metropolitan Washington Council of Governments*, 11-mc-15-UNA).  Her IFP request was denied on November 20 and apparently mailed on November 23, but Plaintiff claims she received the denial order on December 2, 2010.  (Doc. 3, Pl's Response to MWCG's Mot. to Dismiss at 4; *id.* at Exs. 3-4.)

Forty days later, on January 11, 2011, Plaintiff filed a motion for reconsideration of her IFP request and, in the alternative, asked for the court to "reinstate filing and relate the time back to the presented [sic] of November 16, 2010."  (Doc. 1, *Uzoukwu v. Metropolitan Washington*

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE
OFFICIAL REPORTERS

*Council of Governments*, 11-mc-15-UNA.)  In her motion to reconsider, Plaintiff indicated she was still unable to secure employment and therefore faced financial and economic hardship. Apparently, she also claims to have discovered that the EEOC allegedly failed to investigate her retaliation allegations and/or consider her evidence in opposition to that presented by MWCG. However, Plaintiff failed to put forth any new and material arguments or facts in her motion to reconsider.  The motion was denied on January 31, 2011. [4]  (Doc. 2, *Uzoukwu*, 11-mc-15-UNA.) It is not entirely clear when Plaintiff received the denial order, but she filed the current lawsuit on February 16, 2011, sixteen days after entry of the order.

Plaintiff's complaint in the present law suit, filed 174 days after she claims to have received her right to sue letter, was clearly untimely.  However, the 90 day limitations period was tolled during the time her IFP application was pending. [5]  *See, e.g., Williams-Guice v. Board of*

---

[4] Other judges on this court handled Plaintiff's IFP application and her motion for reconsideration.  In the order denying the motion for reconsideration, the court noted that Plaintiff's request to "reinstate" her filing back to the date presented to the court was a moot point because the document was not "filed."  (Doc. 2, *Uzoukwu*, 11-mc-15-UNA, Mem. Op. at n.1.)   Instead her documents were "received" by the Clerk of the Court because they did not meet "the requirements for filing, *i.e.*, payment of the applicable filing fee or the grant of *in forma pauperis* status." (*Id*.)

[5] There is conflicting authority about whether the issuance of the IFP denial order or the plaintiff's receipt of the order ends the tolling period.  *See Williams-Guice,* 45 F.3d at 164-65; *Nkengfack v. American Ass'n of Retired Persons*, Civil Action No. 11–00530 (BAH), ___ F. Supp.2d ___, 2011 WL 4894227, at *4 (D.D.C. Oct. 14, 2011) (citing cases from the instant court and *Williams-Guice,* 45 F.3d at 165).  Even if the plaintiff's receipt of the order ends the tolling period, the instant court is reluctant to credit Plaintiff's unsworn claims about when she received the IFP denial order and the various documents at issue.  Nonetheless, because crediting Plaintiff's claims has no negative impact on the Defendants, the court has given Plaintiff the benefit of the doubt.

*Educ. of City of Chicago*, 45 F.3d 161, 164-65 (7th Cir. 1994); *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998); *Williams v. Court Services and Offender Supervision Agency for D.C.*, Civil Action No. 08–1538 (RWR), ___ F. Supp.2d ___, 2012 WL 35554 (D.D.C. Jan. 9, 2012). Crediting Plaintiff's claims that she received the IFP denial order on December 2, 2010, the limitations period resumed on that same date and, therefore, her complaint was due eight days later on December 10.[6]

Rather than pay the fee by December 10, or within a reasonable time thereafter, *see Williams-Guice*, 45 F.3d at 165, Plaintiff waited until January 11, 2011 to file a motion to reconsider and request permission to pay the filing fee. This motion was filed 32 days after the December 10 deadline and the motion was not accompanied by payment of the filing fee. Indeed, Plaintiff did not pay the filing fee until she filed the complaint in the instant lawsuit on February 16, 2011, which was 68 days after the December 10 deadline.

Plaintiff asks for leniency with respect to her late filing, but she fails to present any facts which might support further tolling of the limitations period beyond December 10. It is apparent from the record that the Plaintiff was aware she faced a critical filing deadline. Yet, she fails to offer a legitimate explanation for why she did not pay the fee and/or file her motion to reconsider before the December 10 deadline, or within a reasonable amount of time thereafter. Rather, she claims she believed her claim was dead upon denial of the IFP motion, but "[u]pon further and

---

[6] Plaintiff had eight days remaining in the limitations period when she submitted her original complaint and IPF application. Accordingly, once tolling ended, she had the benefit of the remaining eight days

diligent investigation," she discovered otherwise, at which time she filed her motion to reconsider. (Doc. 3, Pl's Resp. to MWCG's Mot. to Dismiss at 4.) She blames her tardiness on the failure of the Clerk's office to inform her within the 90 day window to re-submit her IFP application. (Doc. 26, Pl.'s Resp. to Keller's Mot. to Dismiss at 3 n.1.)

The Clerk's office has no duty to educate parties about how to interpret federal EEO statutes and regulations on timeliness. Indeed, the Clerk of Court, her deputies and her assistants are prohibited from giving legal advice of <u>any kind</u>. *See* 28 U.S.C. § 955. Whether or not they did so, Plaintiff's ignorance of the law and/or neglect were the blame for her tardiness, not some allegedly belated communication from the Clerk's office to re-submit her IFP motion. In the absence of evidence that Plaintiff had a legitimate excuse for failing to diligently to preserve her claims, she is not entitled to leniency. *See Williams*, --- F. Supp.2d ----, 2012 WL 35554, at *4 ("Equitable tolling is appropriate where a plaintiff can demonstrate that he acted diligently to preserve his claim.")(citations omitted); *Mondy v. Secretary of the Army,* 845 F.2d 1051, 1057 (D.C. Cir. 1988) (noting that the United States Supreme Court has suggested that equitable tolling might be appropriate where: "a claimant has received inadequate notice, where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, where the court has led the plaintiff to believe that she had done everything required of her, or where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.") (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)). "Where a *pro se* litigant has demonstrated previous proficiency in filing timely [pleadings, she] cannot then use h[er] *pro se* status as a 'defensive shield' from h[er] own

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

neglect." *Wallace v. Georgia Dept. of Transp.,* 212 Fed. Appx. 799, at *803 **(**11th Cir. 2006) (citation omitted).  Accordingly, Plaintiff's Title VII, ADA and ADEA claims as asserted against MWCG will be dismissed as untimely.[7]

## IV. CONCLUSION

For the reasons set forth above, even viewing the facts in the light most favorable to Plaintiff, the court finds that Plaintiff has failed to assert facts upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) with respect to the federal claims asserted against MWCG and the seven individual current and former employee defendants.  To the extent Plaintiff asserts state law claims against the seven individual defendants, said claims will be dismissed for lack of subject matter jurisdiction.

Further, the court finds that it lacks subject matter jurisdiction over Plaintiff's state law

---

[7] Although Plaintiff asserts that this Court has "jurisdiction" pursuant to, *inter alia*, the Equal Pay Act ("EPA"),  29 U.S.C. § 206(d), she asserts no facts in support of an EPA claim.  (*See* Compl. ¶ 2.)  Rather, her complaint alleges non-compensation related discrimination and retaliation.  As such, her EPA claims will be dismissed.
    Inasmuch as all federal claims will be dismissed, to the extent Plaintiff asserts claims for invasion of privacy, (*see* Compl. ¶ 51), said claim will be dismissed because there is nothing in the complaint that established subject matter jurisdiction for said claim.
    Plaintiff has clarified in one of her briefs that the only claims asserted against Molly Keller, of MHNET Behavioral Services, are for tortious interference and "bias/politically motivated violence/intimidation in violation of DC Statutes."  (Doc. 26, Pl.'s Resp. to Keller's Mot. to Dismiss at 4.)  Whether or not the latter claim actually exists in the D.C. Code, Plaintiff's claims asserted against Keller will be dismissed because there is nothing in the record which indicates this Court has subject matter jurisdiction over those state law claims and there is no evidence that Keller was properly served.  (*See* Doc. 13, Return of Service/Affidavit) (indicating service to Keller on MWCG.)

SUMMARY MEMORANDUM OPINION; NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS

claims asserted against defendant Keller.  Additionally said claims are due to be dismissed for failure to effectuate service of process.  Accordingly, by separate order, Defendants' motions to dismiss will be granted and all other motions will be denied. [8]

SO ORDERED.
February 28, 2012

_____
Robert L. Wilkins
United States District Judge

---

[8] The motions hearing previously set for March 12, 2012 will be canceled.