THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHINYERE UZOUKWU
    *Plaintiff,*

v.

Civil Action No. 1:11-cv-0391
Judge

METROPOLITAN WASHINGTON
COUNCIL OF GOVERNMENTS et al
    *Defendants*

## CONFERENCE REPORT AND PROPOSED ORDER

Plaintiff, Chinyere Uzoukwu (aka *Chinyere C. Uzoukwu*) and counsel for the Defendants, Metropolitan Washington Council of Governments (COG), Calvin L. Smith, Sr., Paul DesJardin and Imelda Roberts (hereinafter "the Defendants") have conferred via email and hereby file this Joint Conference Report in compliance with LcvR 7(m) and 16.3(a)(c)(d) pursuant to the second Order of the Court, as of January 29, 2014, as follows:

1. **PENDING/DISPOSITIVE MOTIONS**: The parties do not agree whether the case is likely to be disposed by dispositive motion.

   a. Defendants filed such a motion (Doc. No. 53), a Rule 12(b)(6), which the Court denied, in part and granted in part on January 21, 2014 (Doc. No 60, Memorandum Opin.); and

   b. the defendants have indicated they intend to file a motion for summary judgment.

   c. The parties do not agree on whether discovery or other matters should await a decision on any dispositive motion. See Item #8 (h) and (i)

2. **PLEADINGS/PARTIES**: The parties do not agree whether additional parties should be joined nor pleadings amended, nor whether some or all of the factual/legal issues can be agree upon or narrowed.

3. **ASSIGNMENT**: The parties agree the case should not be assigned to a magistrate judge.

RECEIVED
FEB 21 2014
Clerk, U.S. District and
Bankruptcy Courts

4. **SETTLEMENT**: The parties have not engaged in any settlement discussions to date, although the defendants expressed an interest to entertain an initial demand -- which Plaintiff has not yet tendered -- while seeking to file summary judgment.

5. **ALT. DISPUTE**: The parties do not agree on whether the case is likely to benefit from the Court's alternative dispute resolution (ADR) procedures; nor…steps…to facilitate such…

6. **SUMMARY JUDGMENT**: The parties do not agree on whether the case can be resolved by summary judgment or motion to dismiss.

    a. As stated above, in item #1, the defendants previously filed a Rule 12(b)(6) and have indicated their intention to file a summary judgment motion.

    b. Plaintiff does not believe the case should be settled by summary judgment.

    c. Dates for filing such motions are reflected in the proposed Scheduling Order accompanying this report.

7. **STIPULATIONS**: The parties do not agree nor stipulate to dispense with the initial disclosures required by Rule 26(a)(1), and do not recommend any changes at this time in the scope, form or timing of those disclosures.

8. **DISCOVERY**: The parties believe they can operate within the guidelines set forth by the Federal Rules of Civil Procedure and the Local Rules of the Court, and abide by the discovery deadlines set forth by the Court. Plaintiff anticipates discovery may take about 90–120 days. Discovery will be needed on all matters relevant to plaintiff's employment at COG and the entire employment period, without limits, plaintiff's mental capacity/status, future lost income, and other claimed damages; a protective order is not appropriate; date for completion of all discovery…are proposed in the Scheduling Order.

    a. Plaintiff proposes that initial disclosures under Rule 26(a)(1) should be exchanged by March 13, 2014.

    b. Defendants do not believe this case warrants initial disclosures.

    c. Discovery will be needed on the following subjects:

        i. nature and events of Plaintiff's entire employment and matters of the case.

        ii. all documents/reports/findings transmitted/received as a consequence of the initial frivolous mandatory EAP as a condition of continued employment

        iii. all documents/reports/findings transmitted/received as a consequence of the second effort to subject Plaintiff to Smith's frivolous mandatory EAP as a condition of continued employment

        iv. all documents/reports/findings transmitted/received by Roberts, Ernst, Desjardin, and COG in the authoring of the February 1, 2008 memo purportedly closing the frivolous mandatory EAP as a condition of continued employment.

        v. all certifications/licenses supporting the experience/expertise of Smith, DesJardin, Roberts and Ernst to assess, make and support the frivolous mandatory EAP as a condition of continued employment and the expertise/profession of the professionals to whom Plaintiff was coerced/forced and scheduled to visit.

        vi. The nature of any and all communication, interactions/transactions between Smith, DesJardin, Ernst, Roberts and COG with Plaintiff's emergency contacts, including by and through its servant Molly Keller/MHNET, and basis/determination for conduct.

    d. COG's role in conjunction with DHS, FBI, and ICE, etc in reporting, assisting and pursuing local law enforcement in investigatory matters in their member jurisdictions.

3

e. Interrogatories will be consistent with the provisions of Fed. R. Civ P. and served by March 27, 2014.

f. Request for Production will be consistent with the provisions of Fed. R. Civ P. and served by March 27, 2014

g. Deposition will be consistent with the provisions of Fed. R. Civ P. will be taken by May 9, 2014. Each deposition will be limited to 3 hours unless extended by agreement of the parties.

h. Plaintiff proposes:

   i. Written reports from plaintiff's retained experts, if any, under Rule 26(a)(2) will be consistent with the provisions of Fed. R. Civ P. and due by June 15, 2014. Written reports from defendants retained experts will be due by June 15, 2014.

   ii. Deposition of experts under Rule 26(a)(2) will be consistent with the provisions of Fed. R. Civ P. and taken in accordance within 30 days of submission of written reports by July 15, 2014.

i. Defendants propose:

   i. that expert discovery should be bifurcated and take place after the Court issues a ruling on Defendants' motion for summary judgment; Plaintiff proposes that discovery should not be bifurcated. See Item # 11.

j. Plaintiff proposes that the discovery cut-off date be August 15, 2014; Defendants believe discovery can be completed before May 16, 2014.

9. **EXPERT WITNESSES**: The parties do not agree on whether the requirement of exchange of expert witness reports and information pursuant to Rule Rule 26(a)(2) of Fed. R. Civ. P. should be modified, and whether and when deposition of experts should occur.

4

10. **CLASS ACTION**: The parties agree this is not a class action matter within the provisions of Fed. R. Civ. P. 23.

11. **BIFURCATION**: The parties do not agree on whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

12. **PRE-TRIAL CONFERENCE**: The parties do not agree on the date for the pre-trial conference, but will comply with the deadline set by the Court.

13. **TRIAL**: The parties believe it appropriate to set a trial date at the pre-trial conference.

14. **OTHER MATTERS**: The parties do not believe any additional issued need be addressed at this time, but will reserve the right to make such requests as appropriate and arising.

## PROPOSED SCHEDULING ORDER

Plaintiff's Proposed Scheduling Order is set with respect to the standing status hearing set for February 27, 2014, anticipating the Scheduling Order will be issued at that time.

|  | Plaintiff's Proposed Deadlines | Defendant's Proposed Deadlines |
|---|---|---|
| DEADLINE FOR DISCOVERY REQUESTS | May 15, 2014 | April 15, 2014 |
| EXCHANGE WITNESS LISTS RULE 26(B)(3) | May 15, 2014 | TBD after dispositive motions decided |
| PROPONENT'S RULE 26(B)(4) STATEMENT | May 30, 2014 | n/a |
| OPPONENT's RULE 26(B)(4) STATEMENT | June 30, 2014 | n/a |
| DISCOVERY CLOSED | July 30, 2014 | May 16, 2014 |
| DEADLINE FOR FILING DISPOSITIVE MOTION | August 15, 2014 | June 6, 2014 |
| DISPOSITIVE MOTIONS DECIDED | September 15, 2014 | n/a |
| ADR MEDIATION/CASE EVALUATION | Sept. 25 – Oct. 25, 2014 | n/a at this time |
| PRE-TRIAL CONFERENCE (Joint Statement) | TBD | TBD |

Respectfully submitted, with the consent and compliance of defendants,

_____  2/21/14
Chinyere Uzoukwu (aka Chinyere C. Uzoukwu), Plaintiff, pro se
10105 Towhee Ave, Adelphi, MD 20783
**Cell Phone**: 240/481-0165/**Email**: legalstuff.matters@gmail.com

17166138 1

6